300016937

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

FILED-USDC-NDTX-DA
'25 MAR 25 PM1:14
KMB

| | |
|---|---|
| **ADEAN HILL JR,** §<br>§<br>§<br>Plaintiff, §<br>§<br>§<br>v. §<br>**MAYER SOLAR, LLC** §<br>a Texas Limited Liability Company §<br>**ENPHASE ENERGY, INC** a Texas Corporation §<br>Company §<br>**TRINA SOLAR ENERGY LTD. CO** a Texas §<br>Limited Company §<br>§<br>§<br>§<br>**Defendant.** §<br>§<br>§<br>§ | **3- 25 CV 0716 - S** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1.      Plaintiff ADEAN HILL JR, ("Plaintiff") is a natural person, a resident of the Northern District of Texas, and was present in Texas for all calls, in this case in Dallas County, Texas.

2.      Defendant MAYER SOLAR, LLC ("MAYER") is a Texas Limited Liability Company organized and exists under the laws of Texas and can be served via owner and registered agent Amir Steven Kuzbari, 3325 Hayley Court, Richardson, Texas 74082.

3.      Defendant ENPHASE ENERGY, INC ("ENPHASE") is a Texas Corporation Company organized and existing under the laws of Texas and can be served via registered agent Csc-Lawyers Incorporating Service Company 211 East 7TH Street, Suite 620, Austin, Texas 78701

4.      Defendant TRINA SOLAR ENERGY LTD. CO ("TRINA") is a Texas Limited Company

1

organized and exists under the laws of Texas and can be served via registered agent Yu Steven Zhu 13505 Oregon Flat Trl, Austin, Texas. 78727

## JURISDICTION AND VENUE

5.    Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

6.    The Court has supplemental subject matter jurisdiction over Plaintiff's claims arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact,i.e, Defendant's telemarketing calls to Plaintiff, and adds little complexity to the case, so it unlikely to predominate over the TCPA claims.

7.    The Court has jurisdiction over the Defendant because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this district.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conducts business in the State of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

9.    In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in

2

1991 U.S.C.C.A.N. 1968, 1969-71.

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing*

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

3

*the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist.

LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

22. Plaintiff personally and successfully registered his phone number ending in 6388 to the National Do-Not-Call Registry ("DNC") in December 2024.

23. Defendant Mayer offers solar panel services.

24. Plaintiff received at least seven (8) unauthorized calls to his personal cell phone ending in 6388 from Defendant Mayer from January 24, 2025, to March 13, 2025, soliciting solar panel installation.

25. Plaintiff received a series of phone calls from "Mary", an authorized agent and/or employee of Defendant Mayer.

26. Call #. 1 On January 24, 2025, Plaintiff received a phone call from the phone number 972-213-1362 soliciting solar panels from Mary. Plaintiff informed Mary he was not interested and to not call again.

27. Call # 2. On January 29, 2025, Plaintiff received a missed phone call from the phone number 972-213-1362

28. Call # 3. On February 6, 2025, Plaintiff missed a phone call from phone number 972-213-1362.

29. Call # 4. On February 28, 2025, Plaintiff received another call from phone number 972-

213-1362. Plaintiff answered the phone call with Mary soliciting solar panels. Plaintiff informed Mary he was not interested and he did not want to receive any more calls.

30.    Call # 5 On March 4, 2025, Plaintiff received a phone call from phone number 972-213-1362 from Mary soliciting solar panels. Plaintiff informed Mary he was not interested and not to call again.

31.    Call # 6 On March 6, 2025, Plaintiff received a phone call from phone number 972-213-1362 . Defendant Mary Soliciting solar panels to place. Plaintiff informed Mary he was not interested and to not call again.

32.    Call #7 On March 13, 2025, Plaintiff received a phone call from phone number 972-213-1362 with Mary soliciting solar panels. Plaintiff agreed to have a consultation meeting   on March 12, 2025, at 4:00 PM for the sole purpose of finding out who kept calling Plaintiff soliciting solar panels.

33.    Call # 8 On March 12, 2025, Plaintiff received a phone call from phone number 972-256-9866 and was greeted by salesperson Amr Ghamian.  Ghamin's told plaintiff ("This is Amr Ghamian with MAYER SOLOR confirming we had an appointment today")

34.    Plaintiff played along to get information on the company responsible for soliciting. Shortly after the consultation Amr Ghamian sent a proposal to Plaintiff email confirming all Defendants responsible for soliciting.

35.    The email sent by A Ghamian mrproposal@opensolar.com confirmed the company making the solicitation phone calls was Mayer, Trina and Enphase.

36.    Each call at issue in this Complaint is a solicitation call marketing solar panel installation.

37.    Table A shows the calls sent to Plaintiff by Defendants.

TABLE A:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 01-24-2025 | 1:45 PM | 214-213-1362 | Call From Mary soliciting solar panel |
| 2 | 01-29-2025 | 2:54 PM | 214-213-1362 | Missed call |
| 3 | 02-06-2025 | 3:13 PM | 214-213-1362 | Missed call |
| 4 | 02-28-2025 | 1:56 PM | 214-213-1362 | Call From Mary soliciting solar panel |
| 5 | 03-04-2025 | 2:14 PM | 214-213-1362 | Call From Mary soliciting solar panel |
| 6 | 03-06-2025 | 2:24 PM | 214-213-1362 | Call From Mary soliciting solar panel |
| 7 | 03-10-2025 | 12:35 PM | 214-213-1362 | Call From Mary soliciting solar panel |
| 8 | 03-12-2025 | 3:38 PM | 972-256-9866 | Email sent/ Call from Amr Ghamian consultation |

38.    Plaintiff did not have a preexisting relationship with Defendant, had never been a customer of Defendant nor had ever applied for solar panels or any other accounts with Defendant.

39.    Defendants placed multiple unauthorized phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2024, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

40.    Plaintiff delivered a Do Not Call request on the first phone call and each and every subsequent phone call was a knowing and willful violation.

41.    No emergency necessitated any of the alleged calls.

42.    Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

7

## VICARIOUS LIABILITY OF DEFENDANTS

42. Even if Defendants Trina and/or Enphase did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violations under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

43. Defendant Trina and/or Enphase authorized and hired Mayer to generate prospective customers through illegal telemarketing calls.

44. Accordingly, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

45. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

46. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is 4:23-cv-03055-JMG-MDN Doc # 1 Filed: 04/13/23 Page 7 of 11 - Page ID # 7 8 liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

47. Mayer solicited Plaintiff on behalf of Defendants Trina and Enphase. Accordingly, Mayer had Defendants Trina and Enphase's actual authority to solicit Plaintiff through unauthorized telemarketing calls.

## APPARENT AUTHORITY

8

48.    The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

[A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

49. Defendants Trian and Enphase authorized Mayer to generate prospective business for them through illegal telemarketing.

50.    Mayer called on behalf of Trina and Enphase who's soliciting Plaintiff for Solar panel installation. Mayer is Enphase and Trina legal representation. The integration of their sales efforts was so seamless that it appeared to Plaintiff that Defendant, Trina and Enphase all appeared to be acting together as the same company.

51.    Plaintiff reasonably believed and relied on the fact that Mayer had received permission to sell, market, and solicit the products of Defendants Enphase and Trina .

52    As a direct and proximate result of Mayers's illegal phone calls – which were made on

9

behalf of and with the apparent authority of Defendants Enphase and Trina, Plaintiff suffered actual damages, including his time to answer the violating calls, depleted battery life, wasted time, invasion of their privacy and the nuisance of receiving the calls.

## RATIFICATION

53.    Defendants Enphase and/or Trina knowingly and actively accepted business that originated through the illegal calls placed by Mayer.

54.    By accepting these contacts and executing contracts, Defendants "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Mayer, as described in the Restatement (Third) of Agency.

55.    Mayer called Plaintiff and solicited customers to transfer to Defendant Enphase and Trina.

56.    Defendant Enphase and Trina received new customers and the possibility of new business through Mayer.

57.    Defendants Enphase and Trina ratified Mayer's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal calling.

58.    Defendants Enphase and Trina further ratified Mayer's TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

59.    As a direct and proximate result of Mayer's illegal phone calls, Plaintiff suffered actual damages, including wasted time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them, invasion of their privacy and the nuisance of receiving the calls.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

60. Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

61. Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

62. Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

63. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

64. The calls were to Plaintiff's personal cell phone ending in 6388 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 18 years. He primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and does not primarily use the phone for any business purpose.

11

## COUNT ONE:

### Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C)

65. Plaintiff incorporates the preceding paragraphs 1-64 as if fully set forth herein.

66. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

67. Defendants and/or their agents called Plaintiff's private residential telephone, which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

68. Plaintiff was statutorily damaged at least eight (8) times under 47 U.S.C. § 227(c)(3)(F) by Defendant calls described above, in the amount of $500 per call.

69. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

70. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ADEAN HILL  JR prays for judgment against the Defendant jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

12

B.    A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.    An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $1,500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against Defendant for eight (8) calls,

E.    An award to Mr. Hill of damages, as allowed by law under the TCPA;

F.    An award to Mr. Hill of interest and costs, as allowed by law and equity;

G.    Such further relief as the Court deems necessary, just, and proper;

March 25, 2025

Respectfully submitted,

Adean Hill Jr
Plaintiff, Pro Se
6513 White Oak Dr.
Rowlett, Texas 75089
214-309-6388
Adeanhill1@gmail.com

# CIVIL COVER SHEET

JS 44 (Rev. 03/24)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ADEAN HILL, JR

**DEFENDANTS**

MAYER SOLAR, INC., ENPHASE ENERGY, and TRINA SOLAR ENERGY LTD. CO.

**(b)** County of Residence of First Listed Plaintiff  **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Adean Hil, 6513 White Oak Dr., Rowlett, TX 75089
214-309-6388

Attorneys *(If Known)*

**3-25 CV 0716 - S**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

RECEIVED

MAR 25 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☒ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
12,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

Mar 25, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____