IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADEAN HILL, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-716-S-BN |
| | § | |
| MAYER SOLAR, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER AUTHORIZING SUBSTITUTE SERVICE AND *SUA SPONTE* EXTENDING DEADLINE**

Plaintiff Adean Hill, Jr. filed a *pro se* complaint asserting violations of the Telephone Consumer Protection Act, a federal statute, and Texas law. *See* Dkt. No. 3. The presiding United States district judge referred Hill's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And Hill's deadline to (1) properly serve each defendant under Federal Rule of Civil Procedure 4 or obtain a waiver of service from each defendant and (2) file proof of service or waiver was June 23, 2025. *See* Dkt. No. 5 (citing FED. R. CIV. P. 4(m)).

Two days before that deadline, Hill moved the Court to authorize a substituted method of service as to Defendant Mayer Solar, LLC ("Mayer"), providing in support his own affidavit and attaching to that affidavit one from a process server who Hill hired, documenting the process server's four failed attempts to personally serve Mayer's authorized agent at an address in Richardson, Texas (on May 24, May 26, June 4, and June 9). *See* Dkt. Nos. 11; 11-2; 11-3.

Because the four attempts to personally serve Mayer failed, Hill now requests that the Court approve substitute service on Mayer by authorizing that it be served either by (1) serving the summons and complaint on anyone more than sixteen years of age at the Richardson, Texas address or (2) securing the same to the front door or entry of that address. *See* Dkt. No. 11-2 at 1.

> Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
>
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024); *see also Energy Alchemy, Inc. v. Nambo*, No. 3:23-cv-815-K, 2024 WL 5397165, at *2 (N.D. Tex. May 20, 2024) ("If service under Rule 106(a) was attempted but unsuccessful, Rule 106(b) specifically provides that leaving a copy of the summons and complaint with a person over the age of 16 at any location where the defendant can probably be found." (citing TEX. R. CIV. P. 106(b)(1))); *Amarillo Med. Specialists, LLP v. AKOS MD IPA, LLC*, No. 2:23-cv-26-Z-BR, 2023 WL 8582621, at *1 (N.D. Tex. Oct. 12, 2023) (Rule 4(e)

"allows a party to serve an individual within a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Under this Rule, federal courts may look 'to the long-arm statute of the State in which it sits to determine whether an out-of-state defendant is amendable to service.' Texas Rule of Civil Procedure 108 directs that '[w]here the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant … in the same manner as provided in Rule 106 hereof.'" (citations omitted)).

Hill's motion and the attached affidavits comply with Rule 106. The Court therefore GRANTS the motion for substitute service to the extent that Hill may serve Mayer by having a person authorized to serve process under Texas law, *see* TEX. R. CIV. P 103, either (1) "leav[e] a copy of the [summons] and of the [complaint] with anyone older than sixteen at the" Richardson, Texas address specified in the motion and affidavits, TEX. R. CIV. P. 106(b)(1), or (2) affix a copy of the summons and of the complaint to the front door of the same Richardson, Texas address, another "manner … that the … evidence shows will be reasonably effective to give [Mayer] notice of the suit," TEX. R. CIV. P. 106(b)(2).

The Court further extends the deadline to serve Mayer to **August 6, 2025**.

SO ORDERED.

DATED: July 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE